IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALTER STEVENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL CREDIT ADJUSTERS, )<br>LLC., )<br>)<br>Defendant. ) | 12-cv-2717 EFM/DJW |

## COMPLAINT

NOW COMES the Plaintiff, WALTER STEVENS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, NATIONAL CREDIT ADJUSTERS, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. WALTER STEVENS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Saint Rose, County of Saint Charles, State of Louisiana.

5. The debt that Plaintiff allegedly owed was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure (hereinafter, "the Debt").

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. NATIONAL CREDIT ADJUSTERS, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Louisiana. Defendant is registered as a limited liability company in the State of Kansas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

13. On or about September 17, 2012, Defendant initiated a telephone call to Plaintiff's place of employment in an attempt to collect the Debt.

14. At the time Defendant initiated the aforesaid telephone call to Plaintiff's place of employment, Defendant's duly authorized representative engaged in a telephone conversation with Plaintiff's supervisor.

15. Defendant told Plaintiff's supervisor that she would be sending a facsimile to Plaintiff's place of employment.

16. Defendant told Plaintiff's supervisor that Plaintiff's supervisor had to execute paperwork relating to Plaintiff, which then had to be returned to Defendant.

17. Defendant's duly authorized representative informed Plaintiff's supervisor that she was calling on behalf of a law firm.

18. Defendant further told Plaintiff's supervisor that Defendant was conducting a background check on Plaintiff.

19. Plaintiff's supervisor informed Plaintiff of the contents of Plaintiff's supervisor's telephone conversation with Defendant.

20. Plaintiff did not consent to Defendant communicating with third-parties.

21. Defendant's duly authorized representative's statement that she was calling on behalf of a law firm was false, deceptive and/or misleading given that Defendant is not a law firm.

22. At no time during the course of Defendant's telephone conversation with Plaintiff's supervisor did Defendant state it was calling to confirm or correct location information for Plaintiff.

23. On or about September 17, 2012, Defendant sent a facsimile to Plaintiff's place of employment. (See a true and exact copy of said facsimile attached hereto as **Exhibit A**).

24. In the facsimile Defendant sent to Plaintiff's place of employment, Defendant stated the facsimile was regarding "[e]employment verification for [Plaintiff]."

25. In the facsimile Defendant sent to Plaintiff's place of employment, Defendant's identity was listed as "National Credit Adjusters, LLC."

26. Plaintiff's supervisor read the facsimile sent by Defendant to Plaintiff's place of employment.

27. Plaintiff's supervisor informed Plaintiff of the contents of the facsimile sent by Defendant to Plaintiff's place of employment.

28. At the time Plaintiff's supervisor read the facsimile sent by Defendant, as delineated above, Defendant disclosed its identity to Plaintiff's supervisor without Plaintiff's supervisor having expressly requested Defendant to provide information relative to its identify.

29. In the facsimile Defendant sent to Plaintiff's place of employment, Defendant stated the facsimile was "[s]oley intended for location purposes only,"

30. Defendant's representation in the facsimile that it was soley intended for location purposes only was false, deceptive and/or misleading given that in the same facsimile Defendant stated it was requesting information to verify Plaintiff's employment.

31. Upon information and belief, Defendant sent a correspondence to Plaintiff's place of employment in an attempt to coerce Plaintiff into making a payment to Defendant.

32. On or about September 17, 2012, subsequent to Defendant having sent the aforesaid facsimile to Plaintiff's place of employment, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant attempted to collect the Debt from Plaintiff.

4

33. During the course of the aforesaid telephone conversation, Defendant informed Plaintiff he owed a Debt in the amount of $1,000.

34. Defendant told Plaintiff if he did not make a payment of $400 relative to debt, on or prior to September 19, 2012, then the amount of the Debt would increase.

35. Defendant told Plaintiff if he did not make a payment of $400 relative to debt, on or prior to September 19, 2012, then Defendant would add fees to increase the amount of the Debt.

36. Defendant further told Plaintiff if he did not make a payment of $400 relative to debt, on or prior to September 19, 2012, then Defendant would take further action against Plaintiff.

37. During the course of the aforesaid telephone conversation, Defendant further told Plaintiff that it had conducted a background check on Plaintiff and that it knew everything about Plaintiff.

38. Defendant's representations to Plaintiff that the amount of the Debt would increase if Plaintiff did not make a payment to Defendant, as delineated above, was false, deceptive and/or misleading given that, upon information and belief, Defendant had no authority to add additional fees to increase the amount of the Debt if Plaintiff did not make a payment to Defendant within a two (2) day time period.

39. Defendant's representations to Plaintiff that the amount of the Debt would increase if Plaintiff did not make a payment to Defendant, as delineated above, misrepresented the character, nature and/or legal status of the Debt, given that, upon information and belief, Defendant had no authority to add additional fees to increase the amount of the Debt if Plaintiff did not make a payment to Defendant within a two (2) day time period.

40. Defendant's representations to Plaintiff that it had conducted a background check on Plaintiff and that it knew everything about him was false, deceptive and/or misleading given that even if Defendant conducted a background check on Plaintiff it would not be able to ascertain "everything about Plaintiff."

41. Defendant's representations to Plaintiff that it had conducted a background check on Plaintiff and that it knew everything about him were statements made by Defendant to Plaintiff in an attempt to frighten and coerce Plaintiff into making a payment to Defendant.

42. In or around September 2012 through in or around October 2012, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff's place of employment in a further attempt to collect the Debt.

43. During the course of the aforesaid time period, and on multiple occasions therein, Plaintiff informed Defendant that he was not permitted to receive telephone calls such as those from Defendant while at his place of employment.

44. During the course of the aforesaid time period, and on multiple occasions therein, Plaintiff requested that Defendant stop contacting him at place of employment.

45. During the course of the aforesaid time period, and on multiple occasions therein, Plaintiff provided Defendant with his cellular telephone number so that Defendant could contact Plaintiff at an alternative telephone number other than Plaintiff's place of employment.

46. During the course of the aforesaid time period, Defendant was cognizant that Plaintiff did not want Defendant to contact him at his place of employment

47. During the course of the aforesaid time period, Defendant was cognizant of an alternative telephone number at which it could communicate with Plaintiff other than Plaintiff's telephone number at his place of employment.

48. During the course of the aforesaid time period, despite Plaintiff having advised Defendant, on multiple occasions, that his employer did not permit him to receive telephone calls such as those from Defendant, Defendant continued to initiate multiple telephone calls to Plaintiff at his place of employment.

49. During the course of the aforesaid time period, despite Plaintiff having advised Defendant, on multiple occasions, to cease contacting Plaintiff at his place of employment and despite Defendant having been cognizant of an alternative telephone number at which it could communicate with Plaintiff relative to the Debt, Defendant continued to initiate multiple telephone calls to Plaintiff at his place of employment.

50. On or about September 20, 2012, Plaintiff's counsel sent a correspondence to Defendant. (See a true and exact copy of said correspondence, dated September 20, 2012, attached hereto as **Exhibit B**).

51. Upon information and belief Defendant received the correspondence, dated September 20, 2012.

52. In the correspondence Plaintiff's counsel sent to Defendant, dated September 20, 2012, Plaintiff's counsel stated "[p]lease be advised that we have been retained to represent Walter Stevens with respect to any and all debts that you have been attempting to collect from him. You are hereby instructed to cease and desist from all further communications with Walter Stevens."

53. Subsequent to Defendant's receipt of the correspondence, dated September 20, 2012, Defendant was cognizant that Plaintiff was represented by an attorney with respect to the Debt.

54. Despite Defendant having been advised that Plaintiff was represented by an attorney relative to the Debt, subsequent to Defendant's receipt of the correspondence, dated September 20, 2012, Defendant continued to initiate multiple telephone calls to Plaintiff in a further attempt to collect the Debt.

55. On or about October 8, 2012, Plaintiff's counsel sent a correspondence to Defendant. (See a true and exact copy of said correspondence, dated October 8, 2012, attached hereto as **Exhibit C**).

56. Upon information and belief Defendant received the correspondence, dated October 8, 2012.

57. Subsequent to Defendant's receipt of the correspondence, dated October 8, 2012, Defendant was cognizant that Plaintiff was represented by an attorney with respect to the Debt.

58. Despite Defendant having been advised, on multiple occasions, that Plaintiff was represented by an attorney relative to the Debt, subsequent to Defendant's receipt of the correspondence, dated October 8 2012, Defendant continued to initiate multiple telephone calls to Plaintiff in a further attempt to collect the Debt.

59. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

60. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

61. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information

    concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

c. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

d. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

f. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

g. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

62. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

63. Plaintiff hereby demands a trial by jury on all issues so triable.

64. The Plaintiff, WALTER STEVENS, by and through his attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WALTER STEVENS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**WALTER STEVENS**

By:    s/ D. Matthew Durgin
       Attorney for Plaintiff

Dated: November 7, 2012

D. Matthew Durgin (Atty. No.: 21557)
SMITHMARCO, P.C.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone: (913) 908-2313
           (913) 871-4170
Facsimile: (888) 418-1277
E-Mail: mdurgin@smithmarco.com